**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

SOCIAL SECURITY LAW CENTER, LLC, )
)
Plaintiff, )
)
v. ) Case No. 10-cv-535-GKF-PJC
)
MICHAEL ASTRUE, Commissioner )
Social Security Administration )
)
Defendant. )

**OPINION AND ORDER**

This matter comes before the court upon Social Security Law Center (SSLC)'s Petition for Writ of Mandamus. (Doc. ##2, 3). SSLC petitions for a writ of mandamus compelling the Social Security Administration (SSA) to approve a fee agreement between SSLC and claimant Scott Drummond. For the reasons set forth below, the Petition is denied.

## I. Background

The Social Security Act provides two methods for attorneys representing claimants to obtain a reasonable fee. 42 U.S.C. § 406(a)(1) (fee petition) & (a)(2) (fee agreements). Attorneys may file a fee petition requesting a "reasonable fee" for services rendered. *See* 20 C.F.R. §§404.1720, 404.1725, 404.1730. The SSA evaluates such petitions based on the complexity of the case, the skill required, the time spent, and the results achieved for the claimant. *Id.* § 404.1725(b)(1).

Alternatively, attorneys who represent claimants pursuant to a fee agreement must satisfy three statutory prerequisites: (1) the agreement must be submitted in writing to the Commissioner prior to the Commissioner's decision regarding the claim; (2) the fee specified

must not exceed the lesser of 25% of past-due benefits or $6,000;[1] and (3) the Commissioner's decision is favorable to the claimant. 42 U.S.C. § 406(a)(2)(A). Once the three prerequisites are satisfied, the Commissioner "shall approve that agreement at the time of the favorable determination." *Id.* The amount paid can be reduced if the "fee is clearly excessive for services rendered." *Id.* § 406(a)(3)(A).

The undisputed facts are:

1. SSLC, through its representative Don Baker, represented claimant Scott Drummond pursuant to a fee agreement, signed by both parties and filed at the SSA on April 22, 2009. (Doc. ##20 at 1, 21 at 1).

2. The fee specified was within the statutory limits. (Doc. #20 at 1).

3. On September 17, 2009, Baker informed SSA that he was withdrawing from the case. (Doc. #21 at 1).

4. Claimant proceeded *pro se*, attending a December 29, 2009 ALJ hearing without representation, and the ALJ issued a favorable decision on May 24, 2010. (Doc. ##20 at 1; 21 at 1).

5. On July 26, 2010, Baker requested the fee agreement be approved. (Doc. #21 at 2).

6. SSA told Baker he would have to file a fee petition to obtain any payment because he withdrew before the SSA disability benefit determination was made. (Doc. ##20 at 1, 21 at 2).

7. That same day, the ALJ disapproved the fee agreement for the same reason. (Doc. #3 at 10) (citing HALLEX I-1-2-12B).

8. The ALJ informed Baker that he could request review of the decision to not approve the fee agreement. (Doc. #21 at 2).

9. Baker did not request review of the decision nor did he file a fee petition. (Doc. #21 at 2).

10. Baker instead filed the instant Petition for Writ of Mandamus. (Doc. ##2, 3).

---

[1] The statute provides a $4,000 cap, but allows SSA to increase the maximum dollar amount limit. 42 U.S.C. § 406(a)(2)(A) (permitting increases); 74 Fed. Reg. 6080–02 (Feb. 4, 2009) (increasing the limit to $6,000, effective June 22, 2009).

**II. Discussion**

Mandamus is an extraordinary remedy that applies only if Petitioner "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1983). Petitioner carries the burden to show that its "right to issuance of the writ is clear and indisputable." *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). Here, Petitioner did not exhaust all other avenues of relief.

The court is sympathetic to Petitioner's argument. The SSA conflates the two processes for attorney fee claims. The statutory requirements for fee agreement approval seemingly do not exclude withdrawn or replaced counsel. And the SSA interpretation of that statue may be contrary to law, although the court need not decide the issue here. SSA has previously approved fee agreements concerning firms that were replaced midway through the proceedings. *See Binder & Binder, P.C. v. Barnhart*, 281 F. Supp. 2d 574, 576 (E.D.N.Y. 2003) (noting SSA approval of fee agreement with firm discharged by claimant before favorable determination), *vacated by* 399 F.3d 128 (2d Cir. 2005). Why SSA chose not to approve the fee agreement here, and then subsequently modify the amount to account for the withdrawn representation is not clear.

However, mandamus remains an extraordinary remedy, and Baker failed to pursue all available alternative avenues to achieve Petitioner's ultimate goal: payment for services rendered. Baker failed to pursue the option of filing a fee petition despite SSA repeatedly informing Baker they would consider the petition. (Doc. #21 at 2). Petitioner failed to satisfy its "burden of showing that the fee petition alternative was either unavailable or inadequate." *Power v. Barnhart*, 292 F.3d 781, 786 (D.C. Cir. 2002). In *Power*, the D.C. Circuit addressed a very similar situation:

> [Petitioner] argues that, regardless of whether he would receive less money through petition than agreement, the avenue of petition is inadequate because the right he seeks to vindicate is approval of the fee agreement and not payment of the fee. This argument, however, misconstrues both § 406(a) and the nature of mandamus relief. If the SSA does owe any duty to Power under § 406(a), it is a duty to pay him a fee for his services out of the benefits that he recovered for the claimant. The petition and agreement procedures are merely alternative means to that end. Indeed, were we to define the means to the end as the end itself, we would simply write the third prong out of the mandamus test. The point of that prong is to ensure that where there are alternative means of vindicating a statutory right, a plaintiff's preference for one over another is insufficient to warrant a grant of the extraordinary writ.

292 F.3d at 787; *see also Cordoba v. Massanari*, 256 F.3d 1044, 1047 (10th Cir. 2001) (denying mandamus because Cordoba failed to file fee petition after SSA disapproved his fee agreement). For the same reasons, the Petition here is denied.[2]

WHEREFORE, the Petition for Writ of Mandamus (Doc. ##2, 3) is denied.

DATED this 3rd day of October, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Petitioner also did not request review of the decision disapproving the fee agreement. Whether 20 C.F.R. § 404.1720(d) provided the proper review mechanism is disputed, but Petitioner's failure to pursue the agency's offer to review the decision is undisputed. (Doc. #22 at 2). Because Petitioner did not avail himself of the fee petition avenue, the court need not determine whether failure to pursue review of the ALJ decision disapproving the fee agreement would independently bar mandamus relief.